UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EINAR TAMM, et al.,

        Plaintiffs,

  -against-

THE CINCINNATI INSURANCE COMPANY, et al.,

        Defendants.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 07/25/2019
```

18-CV-11415 (RA) (BCM)

ORDER

**BARBARA MOSES, United States Magistrate Judge.**

*Pro se* plaintiff Einar Tamm, writing on his own behalf and on behalf of his sole proprietorship Tamm Consulting, has submitted a letter, dated July 18 and filed July 23, 2019 (Dkt. No. 65), requesting that the Court reconsider its order dated June 26, 2019 (Dkt. No. 59), its order dated July 12, 2019 (Dkt. No. 63), and its text-only order dated July 16, 2019.

The June 26 order granted plaintiffs' fifth request for an extension of their time to file papers in opposition to the Engineering Defendants' long-pending motion to dismiss (Dkt. No. 56), and gave them a final deadline of July 3, 2019, to do so. The July 12 order noted that no such opposition papers had been filed, and consequently closed the briefing on the Engineering Defendants' motion. The July 16 order – issued after Mr. Tamm belatedly filed a 104-page declaration in opposition to the Engineering Defendants' motion on July 13, 2019 – reconfirmed that the Court would not accept further briefing on the Engineering Defendant's motion.

Plaintiffs have failed to meet the stringent standards governing reconsideration motions in this District. *See* Local Civil Rule 6.3; *Parrish v. Sollecito*, 253 F. Supp. 2d 713, 715 (S.D.N.Y. 2003) (quoting *In re Health Mgmt. Sys. Inc. Sec. Litig.*, 113 F. Supp. 2d. 613, 614 (S.D.N.Y. 2000)) (reconsideration is an "extraordinary remedy to be applied sparingly in the interests of finality and conservation of scarce judicial resources"). Nor have plaintiffs otherwise shown good cause for the extraordinary indulgence they continue to demand from this Court.

The Engineering Defendants' motion to dismiss was filed on January 24, 2019. (Dkt. No. 24.) Thereafter, plaintiffs obtained multiple extensions of their deadline to file their opposition to that motion – totaling almost five months in the aggregate – several of which they awarded themselves without court approval. (*See* Dkt. Nos. 28, 38, 40, 51, 53, 54, 55.) When granting them a fourth extension – to June 21, 2019 – the Court warned that "[n]o further extensions will be granted absent compelling circumstances." (Dkt. No. 55, at 4.) Nonetheless on June 26 – over the Engineering Defendants' objections – the Court granted plaintiffs a fifth and final extension, to July 3, 2019. Plaintiffs had ample notice of that deadline, and claim to have had their opposition declaration "notarized and ready to file" on July 3 (Pl. Ltr. at 3 ¶ 27), but failed to do so. They may not now, through a deficient reconsideration motion, award themselves a sixth, retroactive extension.

Plaintiffs' motion (Dkt. No. 65) is DENIED.

The Clerk of Court is directed to mail a copy of this Order to plaintiff Einar Tamm.

Dated: New York, New York
　　　　July 25, 2019

　　　　　　　　　　　　　　　　　　**SO ORDERED.**

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　**BARBARA MOSES**
　　　　　　　　　　　　　　　　　　**United States Magistrate Judge**