UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/3/2020

EINAR TAMM, et al.,

        Plaintiffs,

    -against-

THE CINCINNATI INSURANCE
COMPANY, et al.,

        Defendants.

18-CV-11415 (RA) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

On December 27, 2018, *pro se* plaintiffs Einar Tamm and Tamm Consulting (together, Tamm) moved to remand this action to New York Supreme Court, from which defendants had removed it, arguing – among other things – that this Court lacks subject-matter jurisdiction because "complete diversity does not exist between plaintiff and defendants as required by 28 U.S.C. § 1332(a)." Tamm Decl. (Dkt. No. 12) ¶ 14. On January 24, 2019, defendants moved to dismiss all of Tamm's claims on the merits pursuant to Fed. R. Civ. P. 12(b)(6). (Dks. Nos. 23, 24.)

On August 15, 2019, acting on referral from the district judge (Dkt. No. 45), I agreed with Tamm that this Court lacks subject-matter jurisdiction. *See* Report and Recommendation (R&R) (Dkt. No. 70) at 1, 15-21. I therefore recommended that the case be remanded, *id*. at 1, 22, and did not reach the merits of defendants' pending motions to dismiss. *See* R&R at 6 n.5.

On December 17, 2019, while awaiting the district judge's ruling on the parties' objections to the R&R,[1] Tamm filed a letter-motion (Pl. Ltr.) (Dkt. No. 87), mistakenly addressed to the

---

[1] Defendants objected to the R&R on the ground that non-diverse defendants Turner Engineering, PC, Turner Forensics, Daniel Turner, and Troy McClure (together, the Engineering Defendants) were "fraudulently joined" and thus that the case should not be remanded. (Dkt. Nos. 74, 78.) Tamm objected on the principal ground that he should have been awarded attorneys' fees and costs on the remand motion. (Dkt. No. 80). In addition, Tamm filed an Amended Notice of Appeal (Dkt. No. 73) in which he attempted to appeal the R&R to the United States Court of Appeals for the Second Circuit on this ground.

district judge, requesting that the Engineering Defendants be ordered to produce discovery concerning a factual hypothesis (which Tamm dubs the "template theory") advanced in support of their motion to dismiss. Pl. Letter at 2. In addition, Tamm requests that the Court direct the Engineering Defendants to "justify and document the origins of" the template theory; order them to "produce a demonstration to the Court that their purported 'template theory' actually works"; require them to "disprove" his contrary factual allegations (that a key document was "ghostwritten" by a non-party, *see* R&R at 4 n.3) and "clarify and correct" what Tamm describes as "discrepancies" in their prior filings concerning the same issue; and "strike" the Engineering Defendants' "defective and incorrect filings" advancing the template theory. *Id*.

By letter dated December 24, 2019 (Eng. Def. Ltr.) (Dkt. No. 88), the Engineering Defendants urge this Court to deny Tamm's request because it consists of "nonsensical, illogical, and irrational arguments"" that would "waste the Court's time and resources," Eng. Def. Ltr. at 1-2, and could be "debunked" with a single call or email to the alleged ghostwriter. *Id*. at 2-3. There is some appeal to the Engineering Defendants' arguments. *See* R&R at 19 n.11 (noting that Tamm's ghostwriting allegations are "farfetched" and "highly speculative"). However, the Court need not – and indeed should not – reach the merits of the ghostwriting allegations, the template theory, or any related factual disputes in order to rule on Tamm's motion.

The principal relief that Tamm seeks is court-ordered discovery as to a factual dispute that the Engineering Defendants raised eleven months ago, when they moved to dismiss the claims against them pursuant to Rule 12(b)(6), and that goes to the merits of those claims. In addition, by requesting that the Engineering Defendants' filings be "corrected" or stricken, Tamm appears to seek an adjudication of that dispute by the Court.

Tamm is not entitled to discovery because no discovery has ever been (or should now be) authorized in this action. No discovery conference took place between the parties during the pendency of the motions to remand and dismiss, and no discovery schedule was issued. For this reason alone, Tamm cannot conduct discovery in this Court. *See* Fed. R. Civ. P. 26(d) (subject to certain exceptions not relevant here, "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)").

Even more fundamentally, Tamm cannot ask this Court to authorize discovery, strike affidavits that he deems "incorrect," or otherwise adjudicate the merits of the Engineering Defendants' template theory after arguing – successfully – that this Court lacks subject-matter jurisdiction to do so. "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact," and dismissing (or, as here, remanding) the case. *Steel Co. v. Citizens for Better Environment,* 523 U.S. 83, 94 (1998) (internal quotation marks omitted). *See also Humphrey v. Syracuse Police Dep't*, 758 F. App'x 205, 206 (2d Cir. 2019) ("Lacking subject matter jurisdiction, the district court did not have the power to reach the merits and dismiss the claims against the defendants for failure to state a claim"); *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 54-55 (2d Cir. 2016) ("without jurisdiction, the district court lacks the power to adjudicate the merits of the case"); *U.S. Catholic Conference v. Abortion Rights Mobilization, Inc.*, 487 U.S. 72, 76 (1988) ("the subpoena power of a court cannot be more extensive than its jurisdiction"); *Antwi v. United States,* 349 F.Supp.2d 663, 669 (S.D.N.Y. 2004) ("The obligation that courts must resolve threshold questions of jurisdiction . . . before proceeding to consider the merits of a claim at any stage of a proceeding is 'inflexible and without exception'.").

Tamm's letter-motion (Dkt. No. 87) must therefore be DENIED.

The Clerk of Court is directed to mail a copy of this Order to plaintiff Einar Tamm.

Dated: New York, New York
January 3, 2020

SO ORDERED.

**BARBARA MOSES**
**United States Magistrate Judge**