USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 3/9/20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TAMM CONSULTING and EINAR TAMM,

Plaintiffs,

v.

THE CINCINNATI INSURANCE COMPANY, TURNER FORENSICS, TURNER ENGINEERING, P.C., DANIEL D. TURNER, TROY MCCLURE, JOHN DOES, JOHN DOE COMPANIES and JOHN DOE INSURANCE COMPANIES,

Defendants.

No. 18-CV-11415 (RA)

ORDER & OPINION

---

RONNIE ABRAMS, United States District Judge:

On or about July 16, 2018, Plaintiffs Einar Tamm and Tamm Consulting (collectively, the "Plaintiffs" or "Tamm"), proceeding *pro se*, filed this action in the Supreme Court of the State of New York, Bronx County, against Defendants The Cincinnati Insurance Company ("Defendant CIC"), Turner Forensics, Turner Engineering, P.C., Daniel D. Turner, Troy McClure (together, the "Engineering Defendants"), and various John Does.[1] *See* Dkt. 1 Ex. A. Plaintiffs bring several causes of action against Defendants arising from water damage and other contamination to property that Tamm kept in a storage facility, and Defendant CIC's refusal to pay Plaintiffs on their damages insurance claim with respect to some of this property. *See* Dkt. 1.

---

[1] The Report and Recommendation asserts that, because it is a sole proprietorship, Tamm Consulting cannot be sued or bring suit as a separate entity. *See* Report at 1 n.1. Tamm disagrees. *See* Tamm Objections ¶ 4. Because the Court's resolution of this matter has no bearing on the instant motions, this Opinion recognizes both plaintiffs as parties in this case.

On December 6, 2018, Defendant CIC removed this action to this Court on the basis of diversity jurisdiction. *Id.* On December 27, 2018, Plaintiffs filed a motion to remand this case to state court. Dkt. 11. That same day, Plaintiffs filed a complaint against Defendants, *see* Dkt. 13, which Tamm subsequently amended on January 3, 2019, *see* Dkt. 15 ("Am. Compl."). On January 10, 2019, Defendant CIC and the Engineering Defendants filed briefs in opposition to the motion to remand, asserting, among other things, that the Engineering Defendants had been fraudulently joined by Plaintiffs. *See* Dkts. 16 ("Eng. Opp'n"), 17 ("CIC Opp'n"). On January 24, 2019, Defendant CIC and the Engineering Defendants filed motions to dismiss the amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. *See* Dkts. 23 ("CIC Mot."), 24 ("Eng. Mot.").

Now before the Court is Magistrate Judge Moses's Report and Recommendation (the "Report"), recommending that the Court grant Plaintiffs' motion to remand this case to state court. *See* Dkt. 70. Specifically, Judge Moses concluded that, because "it may be possible for Tamm to state a cause of action against the Engineering Defendants, under New York law, for tortious interference with contract . . . this action should be remanded to state court." Report at 1. Judge Moses further recommends that if the Court decides to remand this case, Plaintiffs not be awarded costs and attorneys' fees. *See* Report at 21-22.

On August 22, 2019, Plaintiffs requested an extension until September 9, 2019 to file any objections to the Report. Dkt. 71. The Court granted Plaintiffs' request, and gave both parties until that date to file any objections. Dkt. 72. The parties timely did so. *See* Dkts. 76 ("CIC Obj."), 78 ("Eng. Obj."), 80 ("Pl. Obj."). Defendant CIC and the Engineering Defendants responded to Plaintiffs' objections on September 23, 2019. *See* Dkts. 81 ("CIC Resp."), 83

("Eng. Resp."). Plaintiffs responded to Defendant CIC and the Engineering Defendants' objections on September 25, 2019. *See* Dkt. 85 ("Pl. Resp.").

The Court assumes the parties' familiarity with the facts in this case, as outlined in detail in the Report.

## LEGAL STANDARDS

"A district court reviewing a magistrate judge's report and recommendation 'may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.'" *Hancock v. Rivera*, No. 09-CV-7233 (CS) (GAY), 2012 WL 3089292, at *1 (S.D.N.Y. July 30, 2012) (quoting 28 U.S.C. § 636(b)(1)(C)). "A district court must conduct a *de novo* review of those portions of the report or specified proposed findings or recommendations to which timely objections are made." *Id.* "The district court may adopt those portions of a report and recommendation to which no timely objections have been made, provided no clear error is apparent from the face of the record." *Id.* "In addition, '[t]o the extent . . . that the party makes only conclusory or general arguments, or simply reiterates the original arguments, the Court will review the Report strictly for clear error.'" *Id.* (quoting *IndyMac Bank, F.S.B. v. Nat'l Settlement Agency, Inc.*, No. 07-CV-6865, 2008 WL 4810043, at *1 (S.D.N.Y. Nov. 3, 2008)).

## DISCUSSION

Defendant CIC and the Engineering Defendants (collectively, the "Defendants") make two objections to the Report.

First, Defendants contend that the Report considered "new potential theories of recovery" against the Engineering Defendants. CIC Obj. at 3; Eng. Obj. at 4-5. Specifically, Defendants assert that Judge Moses took into account allegations of "fraud against [the] Engineering Defendants," even though Plaintiffs had made no such assertion in their Summons with Notice.

*See* CIC Obj. at 3; Eng. Obj. at 4-5. According to Defendants, by recognizing a claim against them not contained in the initial pleading, Judge Moses acted improperly. CIC Obj. at 3; Eng. Obj. at 4-5.

The Court disagrees. Defendants are correct that "in considering a motion to remand where the issue of fraudulent joinder has been raised," courts are to examine "the pleadings at the time the case was removed to determine whether a cause of action has been pleaded against the non-diverse defendant." *MBIA Ins. Corp. v. Royal Bank of Canada*, 706 F. Supp. 2d 380, 395 (S.D.N.Y. 2009) (internal quotation marks and alteration omitted). It is also true that, in their Summons with Notice, Plaintiffs alleged that the Engineering Defendants had committed "Tortious Interference with Contract," *see* Dkt. 1 Ex. A. at 2, but only accused them of fraudulent conduct in relation to this claim in their amended complaint, *see* Am. Compl. ¶ 89 (stating that "Plaintiffs' tortious interference with contract claim asserts that Engineering Defendants issued false engineering reports, causing CINCINNATI to breach its contract with plaintiffs by erroneously denying Plaintiffs' claim for coverage").

"[I]n making a fraudulent joinder inquiry," however, "courts can look beyond the [removal] pleadings to determine if the pleadings can state a cause of action" against the joined party. *MBIA Ins.*, 706 F. Supp. 2d at 395 (internal quotation marks and alteration omitted). Here, Judge Moses considered Plaintiffs' assertion that the Engineering Defendants engaged in fraudulent conduct solely in support of Plaintiffs' tortious interference clam, not, as Defendants appear to assert, in recognizing a new cause of action for fraud. *See* Report at 13-21. Judge Moses thus properly considered this information in that context. *See In re General Motors LLC Ignition Switch Litig.*, 14-MD-2543 (JMF), 2019 WL 2326023, at *2 (S.D.N.Y. May 20, 2019) ("[D]ocuments outside the [removal] pleadings may be considered . . . to the extent that [their]

4

factual allegations clarify or amplify the claims [already] alleged.") (citation and internal quotation marks omitted); *see also Segal v. Firtash*, No. 13-cv-7818 (RJS), 2014 WL 4470426, at *4 (S.D.N.Y. Sept. 9, 2014) ("[C]ourts may look beyond the pleadings to determine if the pleadings can state a cause of action.") (citation, internal quotation marks, and emphasis omitted).

Next, Defendants contend that, contrary to the Report's finding, "Plaintiff[s'] tortious interference claim against [the] Engineering Defendants falls squarely within the general rule against agent liability for tortious interference, making it legally impossible for [the] Engineering Defendants to be liable to Plaintiff." CIC Obj. at 5; Eng. Obj. at 5-6. This is because, Defendants maintain, under New York law an agent cannot be liable for inducing its principal to breach a contract, and Plaintiffs have "never alleged, or argued, that [the] Engineering Defendants exceeded the scope of the apparent authority granted to them by [Defendant CIC]." CIC Obj. at 7.

The Court again disagrees. As stated above, and as correctly recognized by Judge Moses, Tamm has alleged that the Engineering Defendants issued false reports so as to help Defendant CIC deny him insurance coverage. Am. Compl. ¶ 89; *see also id.* ¶ 64 (stating that this "misrepresentation was intended"); *id.* ¶ 273 (stating that the Engineering Defendants profited by "deny[ing] claims by CINCINNATI policyholders using a false report from unlicensed engineer(s)"). Pursuant to New York law, where an agent "does not act in good faith and commits independent torts or predatory acts directed at another for personal pecuniary gain," that agent can be found liable for tortious interference of contract. *See Schmidt & Schmidt, Inc. v. Town of Charlton*, 68 A.D.3d 1314, 1316 (N.Y. App. Div. 2009) (citation omitted); *see also Pennecom B.V. v. Merrill Lynch & Co., Inc.*, No. 02 Civ. 5355 (DC), 2005 WL 2044948, at *7

5

(S.D.N.Y. Aug. 25, 2005) ("[T]he cases that discuss agent immunity under New York law acknowledge an exception to immunity when agents commit independent tortious acts."). Thus, if Plaintiffs are successful in showing that the Engineering Defendants committed fraud in inducing Defendant CIC to breach its contract with Tamm, these defendants can potentially be held liable on Tamm's tortious interference claim. Accordingly, Judge Moses did not err in determining that remand was proper here. *See Segal*, 2014 WL 4470426, at *3 ("The standard is not whether the claim would likely survive a motion to dismiss, but whether there is any reasonable possibility that the state court would allow it to proceed.").

The Court also finds that Plaintiffs' motion to remand this case should be granted for a separate reason. In their briefing, Plaintiffs contend that the Engineering Defendants were served on November 8, 2018, but did not file their notice of removal until January 2, 2019, rendering their removal motion untimely. *See* Pl. Mot. to Remand, Dkt. 12, at 22-23; Pl. Reply, Dkt. 30, at 19. The Court agrees.

Under 28 U.S.C. § 1446(b)(1), "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]" As the Second Circuit has made clear, "[g]iven that § 1446(a) explicitly affirms the possibility of multiple notices of removal, the only reasonable reading of § 1446(b) is that the subsection applies individually to *each* notice of removal that might potentially be filed by *each* removing defendant." *Pietrangelo v. Alvas Corp.*, 686 F.3d 62, 65 (2d Cir. 2012) (internal quotation marks and citation omitted). Thus, "all defendants [must] consent to removal within the statutory thirty-day period, a requirement known as the rule of unanimity." *Id.* at 66 (internal quotation marks and citation omitted).

6

In this case, although Defendant CIC filed its notice of removal within thirty days of receiving Plaintiffs' Summons with Notice on November 7, 2018, *see* Dkt. 1 (Dec. 6, 2018 Notice of Removal) ¶¶ 4, 52, it is undisputed that the Engineering Defendants did not do so until well after this period had expired. *See* Dkt. 14 (Jan. 2, 2019 Notice of Consent to Removal). Defendants' arguments in response are unavailing. Defendants assert that this notice of removal was unnecessary because the Engineering Defendant were fraudulently joined, *see* CIC Opp'n at 7-8, and, in any event, the Engineering Defendants "properly gave consent to [Defendant CIC] to remove this matter to Federal Court," Eng. Opp'n at 9. The first argument is unpersuasive because, as described above, the Court does not agree that the Engineering Defendants were fraudulently joined in this action. As for the second argument, courts in this Circuit have consistently held that "defendants who did not join a notice of removal 'must independently express their consent to removal.'" *Bedminster Fin. Grp., Ltd. v. Umami Sustainable Seafood, Inc.*, No. 12 Civ. 5557 (JPO), 2013 WL 1234958, at *6 (S.D.N.Y. March 26, 2013) (quoting *Pietrangelo*, 686 F.3d at 66). And "[w]hile it is not necessary for every defendant to sign the removal petition itself, most courts have required each defendant to submit some form of unambiguous written evidence of consent to the Court within the thirty-day period." *In re Vill. of Kiryas Joel, N.Y.*, No. 11 Civ. 8494 (ER), 2012 WL 1059395, at *3 (S.D.N.Y. March 29, 2012).

Nor is it adequate that Defendant CIC's timely notice of removal stated that "[t]he improperly joined Engineering Defendants have also consented to this removal," Dkt. 1 ¶ 57, which the Engineering Defendants confirmed in their own notice of removal on January 2, 2019, *see* Dkt. 14. "It is insufficient for a defendant who has not signed the removal petition to merely advise the removing defendant that it consents to removal and that the removing defendant may

7

represent such consent to the Court on its behalf." *Bedminster Fin. Grp.*, 2013 WL 1234958, at *6. Indeed, "the rule of unanimity is not satisfied unless the other defendants either sign the notice of removal or subsequently provide the Court with their unambiguous written consent to removal within the thirty-day period." *Id.* at *7 (citation omitted); *see also, e.g., Drayton v. Riverbay Corp.*, No. 17-CV-5455 (JPO), 2017 WL 4857601, at *2 (S.D.N.Y. Oct. 26, 2017) ("[T]he individual defendants cannot independently express their consent through [another defendant's] unilateral representation.") (internal quotation marks omitted); *L.Y.E. Diamonds Ltd. v. Gemological Inst. of Am. Inc.*, No. 16-CV-3766 (VSB), 2017 WL 1207839, at *5 (S.D.N.Y. March 31, 2017) ("[S]omething more is required for a defendant to express unambiguous consent to removal than merely advising the removing defendant that it consents to removal or filing documents that do not address consent on the federal docket[.]"); *Metro. Transp. Auth. v. U.S. Fid. & Guar. Co.*, No. 14 Civ. 9059 (PAE), 2015 WL 1730067, at *4 (S.D.N.Y. Apr. 14, 2015) (same); *In re Vill. of Kiryas Joel*, 2012 WL 1059395, at *3 (same).

Accordingly, because the Engineering Defendants failed to independently provide this Court with its written consent to removal within the requisite thirty-day period, this case must be remanded to state court. *See, e.g., Metro. Transp. Auth.*, 2015 WL 1730067, at *4 ("[T]he failure of any defendant to provide its written consent within the thirty-day period constitutes a fatal procedural defect in the removal procedure and warrants a remand of the case.") (internal quotation marks and citation omitted).

Plaintiffs have also filed an objection to the Report. According to Plaintiffs, Judge Moses erred in failing to award them costs and attorneys' fees. *See* Pl. Obj. at 2-4. Specifically, Plaintiffs allege that they should be awarded costs because: (1) the Engineering Defendants did not file a notice of consent to removal within the requisite thirty-day removal period, and (2)

Defendant CIC removed the case in "bad faith," as this removal was intended to "prevent the suit [from] progressing in the proper Court" and to "harm, punish, and harass Plaintiffs." *Id.* at 3-4.

An award of fees is not warranted here. It is true that "[a]n order remanding [a] case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). But while the Court has broad discretion in determining whether to award costs and attorneys' fees pursuant to 1447(c), *Morgan Guar. Tr. Co. v. Republic of Palau*, 971 F.2d 917, 923-24 (2d Cir. 1992), "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal," *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). "A basis for removal is objectively reasonable if the removing party had a colorable argument that removal was proper." *Nguyen v. Am. Express Co.*, 282 F. Supp. 3d 677, 683 (S.D.N.Y. 2017) (internal quotation marks and citation omitted).

In this case, although the Court has not found Defendants' arguments that removal was proper to be persuasive, "it cannot say that [Defendants] lacked an objectively reasonable basis for seeking removal, in light of the state-law-bound issues of fraudulent joinder present in this case." *In re General Motors LLC Ignition Switch Litig.*, No. 14-MD-2543 (JMF), 2015 WL 3776385, at *4 (S.D.N.Y. June 17, 2015) (internal quotation marks and citation omitted). And because it was not objectively unreasonable for Defendants to believe that the Engineering Defendants had been fraudulently joined, the Court also cannot say that they acted unreasonably in failing to timely file a notice of consent to removal as to this party. *See Sherman v. A.J. Pegno Constr. Corp.*, 528 F. Supp. 2d 320, 330 (S.D.N.Y. 2007) ("There are exceptions to [the rule of unanimity] for defendants who have not been served, unknown defendants, and fraudulently joined defendants."); *City of Schenectady v. Am. Tax Funding, LLC*, No. 12-CV-1026

(MAD/RFT), 2013 WL 1193340, at *4 (N.D.N.Y. March 22, 2013) ("When a defendant is fraudulently joined, the Rule of Unanimity may be disregarded."); *see also Intershoe, Inc. v. Filanto S.P.A.*, 97 F. Supp. 2d 471, 476 (S.D.N.Y. 2000) ("Although the Court grants plaintiffs' motion for remand, it denies their motion for an award of costs . . . [i]n light of the subtleties involved in applying fraudulent joinder principles to non-diverse plaintiffs[.]").

The Court thus declines to award Plaintiffs' attorneys' fees and costs.

The Court has also reviewed the remainder of the Report for clear error, and found none.

## CONCLUSION

Accordingly, (1) Plaintiffs' motion to remand this case to state court is granted, (2) Plaintiffs' motion for attorneys' fees and costs is denied; and (3) Defendants' motions to dismiss Plaintiffs' amended complaint are denied as moot.

The Clerk of Court is respectfully directed to terminate the motions at Dkts. 11, 23, and 24; to remand the case to the Supreme Court of the State of New York, Bronx County; and to close the case.

SO ORDERED.

Dated: March 9, 2020
       New York, New York

Ronnie Abrams
United States District Judge